UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          Case No. 23-cr-21-pp

JASMAINE M. LINTON,

        Defendant.

---

**ORDER DECLINING TO TAKE ACTION ON DEFENDANT'S *PRO SE* LETTER (DKT. NO. 49)**

---

On May 13, 2024, the defendant pled guilty to one count of being a prohibited person in possession of a firearm, in violation of 18 U.S.C. §922(g)(1). Dkt. Nos. 41, 45. He was then—and is as of the date of this order—represented by an experienced criminal defense attorney. His sentencing hearing is scheduled for August 8, 2024 at 10:00 a.m. Dkt. No. 45.

On June 20, 2024, the court received a letter from the defendant, even though he is represented by counsel. Dkt. No. 49. The defendant said that he wanted to bring to the court's attention that he never should have been charged with "a 924(e) offense."[1] Id. The defendant says that he found a case

---

[1] The defendant has not been charged with, nor has he pled guilty to, violating 18 U.S.C. §924(e). Section 924(e) is a sentencing enhancement that applies to anyone who is convicted of violating 18 U.S.C. §922(g) after having accrued three previous convictions for either a violent felony or a serious drug offense (as defined by the statute). The court has no idea whether §924(e) applies to the defendant because it has not yet received the presentence investigation report.

1

which he thinks demonstrates this fact; he says that he brought the case to the attention of his lawyer, but that his lawyer said it would be "best to wait until the day of sentencing to address this." Id. The defendant says that, after doing his own research, he isn't sure that "this is something that we should wait on." Id. He says he figures that if this issue is addressed sooner rather than later, his sentencing guidelines would be lower than they are. Id.

The defendant's letter is inappropriate. "A defendant does not have a right to represent himself when he is also represented by counsel." United States v. Cross, 962 F.3d 892, 899 (7th Cir. 2020) (citing United States v. Patterson, 576 F.3d 431, 436 (7th Cir. 2009)).

The defendant's letter also is—as his attorney apparently told him—premature. There is a process for preparing for a sentencing hearing, which the court described at the end of the defendant's change-of-plea hearing (Dkt. No. 45). First, the probation office prepares a preliminary presentence investigation report. That report includes the probation office's calculation of the defendant's sentencing guidelines and advisory sentencing range. The Assistant U.S. Attorney and the defendant's attorney both receive a copy of the preliminary report. Second, the prosecutor and the defendant (along with his defense attorney) review the preliminary report to determine if there is anything in it (including anything relating to the probation office's guidelines calculations) with which either the prosecutor or the defendant disagree. Third, if either the prosecutor or the defendant disagrees with anything in the preliminary report (including the probation office's guidelines calculations), they must file

2

Case 2:23-cr-00021-PP    Filed 06/26/24    Page 2 of 4    Document 50

objections with the probation officer who wrote the report. Fourth, the probation officer gives the non-objecting party the opportunity to respond to the objections. Fifth, the probation officer prepares a "revised" presentencing investigation report, correcting any errors and attaching the objections and responses to that document, and provides copies of that revised report to the prosecutor, the defense attorney and the judge. The judge reviews the revised report, the objections and the responses (as well as any legal briefs filed by the lawyers) before the sentencing hearing. Sixth, at the sentencing hearing, the court hears arguments from the lawyers, then rules on any objections.

At the defendant's change-of-plea hearing, the court ordered the probation office to provide the prosecutor and the defense attorney with the preliminary presentence investigation report by July 11, 2024. It ordered the parties to send any objections to the probation officer by July 25, 2024. As of the date of this order, the preliminary presentence report is not due for over two weeks, and objections are not due for another month. Without a presentence report and objections, the court has no way of knowing whether either the probation officer or the government believe that the defendant qualifies for the sentencing enhancement under 18 U.S.C. §924(e).

The court will take no action on the defendant's *pro se* letter to the court. If the defendant's lawyer files any objections to the presentence report (once it is completed), the court will review those objections and the government's response before the sentencing hearing.

The court **DECLINES** to take any action on the defendant's *pro se* letter. Dkt. No. 49.

Dated in Milwaukee, Wisconsin this 26th day of June, 2024.

                                    **BY THE COURT:**

                                    **HON. PAMELA PEPPER**
                                    **Chief United States District Judge**